WASHINGTON INS. CO. (HALE v.). See Case No. 5,916.

## Case No. 17,242a.

### The WASHINGTON IRVING.

#### [5 Betts' D. C. MS. 77.]

District Court, S. D. New York. June 17, 1845.

ADMIRALTY — JURISDICTION — COLLISION WITHIN BODY OF COUNTRY—DECREE FOR DAMAGES.

[Cited in Camden & A. Transp. Co. v. The Lotty. Case No. 2.337a, to the point that admiralty courts will take cognizance of cases of collision within harbors and upon rivers where the tide ebbs and flows, although within the body of a country.]

[This was a libel by John Burge against the steamboat Washington Irving.]

This cause having been heard on the pleadings and proofs and arguments of counsel, and the premises being fully considered; and it appearing to the court that the steamboat Washington Irving in the pleadings mentioned, at the time the sloop William Wallace in the pleadings mentioned, came about with intent to enter into her berth at pier No. 9 in the North river in the harbor of New York, saw the manoeuver and movement of the said sloop, and well understood the object thereof; and it further appearing to the court, that the said steamboat was then about opposite pier No. 1 or 2 in said North river, going directly up the river, about 100 yards off from the docks, or piers, and at a speed of from 10 to 12 miles the hour; and it further appearing to the court that the said sloop after she came about dropped her main sail, and ran towards her berth from 60 to 80 yards, going at first at the rate of two or three miles the hour, and at the end of that distance having nearly or quite lost her headway; and it further appearing to the court that the said steamboat, at the time the said sloop so came about, and her direction and intention thus made known, had time and means to avoid a collision with her, either by instantly stopping the machinery of said boat and then working the same backwards, or by steering out into the river so as to pass under the stern of the said sloop, or by running nearer in to the wharves and passing under her bow; and it further appearing to the court that the said sloop after danger of a collision with the said steamboat, was apprehended, had no means at her command to avoid the same, her headway being nearly lost, and the wind in her then condition and situation, not aiding her to escape such collision; and it further appearing to the court that the steamboat struck the said sloop, near her bows, doing her great injury and causing her to sink shortly thereafter: It is considered by the court that such collision was occasioned by the fault or negligence of those having the command and management of the said steamboat, and was not produced by or owing to any fault or misconduct on the part of those having the command and management of the said sloop. Wherefore it is adjudged and decreed that the libellant recover his damages by means of the premises, and that the said steamboat, her tackle and apparel, be condemned for satisfaction thereof. And it is further ordered that it be referred to the clerk of this court to ascertain and compute the damages sustained by the libellant from the injury so done to the said sloop, and the cargo on board owned by the libellant, and that, on the hearing before the clerk, each party be at liberty to use the proofs taken on the hearing of the cause in court, and produce such further proofs as may be competent and pertinent. And it is ordered that the clerk report in the premises with all convenient speed.